IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER DEAN ROSENTHAL,

Plaintiff,

v.

ORDER

24-cv-596-wmc

JAKE KRUEGER,

Defendant.

---

Plaintiff Roger Dean Rosenthal, a state prisoner representing himself, alleges that defendant Jake Krueger, an officer at Stanley Correctional Institution, failed to prevent him from falling while escorting him from a transport van in August 2021. This order addresses plaintiff's renewed motions for counsel, Dkts. 61 & 65, his request for document production, Dkt. 64, and his motion to compel production of an unredacted copy of DAI Policy #306.00.27, Dkt. 38. The court will DENY these motions for the following reasons.

ANALYSIS

**A. Plaintiff's renewed motions for counsel, Dkts. 61 & 65**

Plaintiff renews his request for the counsel. He again states that he cannot afford counsel and has no legal training or knowledge, that his incarceration has limited his ability to litigate this case, that the law library at his institution has only a few computers and no law clerks to help him, and that this case is "overwhelming." Dkt. 65 at 2. He adds that he does not know how to respond to defendant's motion for summary judgment, that he has been diligently trying to recruit counsel on his own, and that he has not received any response to his sixth request for production of documents, in which he requests an on-site visit.

These motions are largely duplicative of those the court recently denied in its August 13, 2026 order, *see* Dkt. 57, and give no reason to reconsider that ruling. As the court explained, litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Plaintiff has met this requirement because he is proceeding in forma pauperis. Dkt. 5.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Plaintiff has met this requirement. He has included rejection letters from law firms with a previous motion for counsel, and the court accepts his statement that he has continued to try to find an attorney to represent him. *See* Dkt. 22-1 & Dkt. 65-1.

Regardless, plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. That an attorney might do a better job is not the standard. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. So are

the limitations on incarcerated litigants, including limited access to legal resources.[1] The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, plaintiff's request must again be denied. Plaintiff describes this case as overwhelming, but it is not complex—the allegations concern a single defendant and a discrete, brief incident during which plaintiff was escorted out of a transport van. He expresses confusion about discovery and the summary judgment process and says that he has no legal knowledge or experience. But plaintiff has received detailed guidance from the court in its August 13, 2026 order and its preliminary pretrial conference order, as well as during the preliminary pretrial conference, on how to use the discovery process to obtain information and documents in support of his claims and on how to respond to a summary judgment motion. So far, he has drafted understandable submissions to the court, including a response to defendant's motion for summary judgment and proposed findings of fact. Dkt. 62 & Dkt. 63. The court has no reason to believe that plaintiff's ability to litigate this case falls below that of the hundreds of self-represented litigants who litigate cases like this one in this court every year.

[1] As the court has previously noted, plaintiff has access to Westlaw, a legal research tool that provides access to judicial opinions, among other types of legal documents.

Plaintiff also states that he has not received a response to some recent discovery requests. That is not a reason to help him recruit counsel. At this point, plaintiff has shown familiarity with the discovery process by obtaining discovery materials on his own, including video evidence, and litigating discovery motions with some success. As the court has previously explained, if plaintiff has a concern about discovery responses or a delay in receiving them, he must contact defense counsel and attempt to meet and confer about the concern before raising the issue with the court in a motion to compel, not a motion for recruitment of counsel. *See* Fed. R. Civ. P. 37(a)(1) (requiring the party filing a motion to compel to certify that they have in good faith conferred or tried to confer with the person or party failing to make disclosure or discovery before seeking court intervention).

I will again deny plaintiff's request for counsel without prejudice. Plaintiff may renew his motion if his claim survives summary judgment and plaintiff explains what trial-preparation tasks he is unable to complete on his own.

**B. Plaintiff's Eighth Request for Production of Documents, Dkt. 64**

Plaintiff has filed a copy of his Eighth Request for Production of Documents with the court. The court will take no action on this submission. As the court has previously explained, although defendant has agreed to accept electronic service of plaintiff's court filings, discovery requests are exchanged between the parties and not filed with the court, so they must be sent to the attorney for defendant directly. Discovery requests should be filed with the court only to support some other matter, such a motion or a response to a motion. Defendant is not obligated to respond to discovery requests filed only with the court or that are otherwise not submitted to his attorney in writing.

### C. Motion to compel production of an unredacted copy of DAI Policy #306.00.27, Dkt. 38

Finally, plaintiff seeks to compel production of an unredacted copy of restricted DAI Policy #306.00.27 regarding the transportation of inmates, the policy that plaintiff alleges defendant did not follow when escorting him from a transport van. Plaintiff has been able to review a redacted copy of this restricted policy, but he now seeks to review the unredacted version because he does not believe defense counsel's statement that the redacted portions are not relevant to this case. Defendant objects, maintains that the redacted portions are not relevant, and has submitted a declaration from Security Director Garrett Hrubesch attesting to the security need to keep the redacted portions of this restricted policy from inmates and the public. Dkt. 42.

In compliance with this court's order, defendant submitted the redacted copy of the policy plaintiff received and an unredacted copy for the court's review in camera. This means that the court has privately examined the documents to decide whether defendant's redaction is appropriate. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The scope of relevancy under Rule 26 is broad in that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Specifically, the court has considered whether other sections of the policy would also be relevant to plaintiff's claim and thus discoverable, bearing in mind defendant's legitimate security concerns about a policy that governs the transport of inmates. Although the policy as a whole concerns how inmates are transported, not all of this information is relevant to plaintiff's claim. Relevant matters "bear in any way on the subject matter of the action." *United States v. Capitol Serv., Inc.*, 89 F.R.D. 578, 581 (E.D. Wis. 1981). Specifically, plaintiff alleges that upon his return from an offsite medical trip, defendant grabbed hold of a chain that was around plaintiff's waist and told plaintiff to exit the van, but then let go of the chain while plaintiff was leaning forward out of the van and off balance, causing plaintiff to slam onto the pavement.

Defendant's redaction, although extensive, is appropriate in this case. Plaintiff has been able to review the portion of the policy that indicates what type of restraints are to be used on inmates at maximum and medium security facilities during transport and that these inmates in restraints are to be escorted hands-on. This information is directly relevant to plaintiff's claim that he was improperly escorted in violation of the policy, resulting in serious injury. The remainder of the policy concerns other irrelevant aspects of inmate transport, such as inmate identification, clothing, and supervision during transport, as well as searches of inmates, the transportation of parole violators and escapees, med-flight transportation, and security procedures when using a security bus. The policy also contains information about escorting minimum security inmates, but this incident took place at a medium-security prison so that

information is not relevant to plaintiff's claim either.[2] The court will therefore deny plaintiff's motion to compel.

ORDER

IT IS ORDERED that:

1. Plaintiff Roger Dean Rosenthal's motion to compel an unredacted copy of restricted DAI Policy #306.00.27, Dkt. 38, is DENIED. The in camera submissions at Dkt. 58 & Dkt. 59 shall remain under seal and ex parte.
2. Plaintiff's motions for counsel, Dkt. 61 & Dkt. 65, are DENIED without prejudice.
3. The court will take no action on plaintiff's eighth request for production of documents, Dkt. 64.

Entered August 27, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge

[2] *See Stanley Correctional Institution* at https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/StanleyCorrectionalInstitution.aspx (noting that the institution is medium security).